IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT LEE CAREY, JR., § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:07-CV-649-A |
| § | |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Robert Lee Carey, Jr., TDCJ-ID #602257, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. FACTUAL AND PROCEDURAL HISTORY

On September 9, 1991, pursuant to a plea agreement, Carey pled guilty to aggravated robbery with a deadly weapon in the 297th District Court of Tarrant County, Texas, Case No. 422537D, and was sentenced to twenty-four years' confinement. (State Habeas R. at 21.) Although Carey provides no specific dates or documentary proof, the Texas Board of Pardons and Paroles (the Board) has allegedly denied him release to parole numerous times. (Petition at 7.) On June 28, 2007, Carey filed a state application for writ of habeas corpus raising the claims presented herein, which was denied on July 18, 2007, without written order by the Texas Court of Criminal Appeals. *Ex parte Carey*, Application No. WR-67,940-01, at cover. Carey filed this petition for writ of habeas corpus on October 23, 2007.[1] As directed, Quarterman has filed a preliminary response and supplemental answer with briefs and supporting documentary exhibits.

## D. ISSUES

Carey raises two grounds for relief in which he complains of (1) the Board's application of current laws regarding release to parole and/or mandatory supervision, and (2) the Board's denial of his release to parole and/or mandatory supervision when his flat, good and work time combined far exceed his 24-year sentence. (Petition at 7.)

## E. STATUTE OF LIMITATIONS

Quarterman contends Carey's petition is barred by the federal statute of limitations. 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

---

[1] A pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because of his conviction for aggravated robbery, Carey is ineligible for release to mandatory supervision under current state law and the law in effect at the time the offense was committed. *See* TEX. GOV'T CODE ANN. § 508.149 (Vernon 2004), *formerly* TEX. CODE CRIM. PROC. ANN. art. 42.18, § 8(c)(11). Thus, Carey can only receive early release through discretionary parole.

Under subsection (D), applicable to this case, the limitations period began to run as to Carey's claims regarding the Board's denial of parole on the date the factual predicate of the claims could have been discovered through the exercise of due diligence. Carey could have discovered the

3

factual basis of his claims on October 5, 2007, the date of the Board's most recent decision to deny him parole. Thus, his federal petition was due on or before October 5, 2008, thus is timely filed.

**F.  DISCUSSION**

The decision to parole or not to parole is discretionary under Texas law. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Texas inmates have no constitutionally protected right to parole because the relevant Texas statutes, past and present, do not create a protectible liberty interest which would implicate constitutional considerations. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Consequently, to the extent Carey claims he is entitled to release from confinement to parole, his claim does not provide a basis for federal habeas corpus relief.

## II.  RECOMMENDATION

Carey's petition for writ of habeas corpus should be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 7, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 7, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 15, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE