IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| ROBERT LEE CAREY, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-649-A |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department | § | |
| of Criminal Justice, | § | |
| Correctional Institutions | § | |
| Division, | § | |
| | § | |
| Respondent. | § | |

O R D E R

Came on for consideration the above-captioned action wherein Robert Lee Carey, Jr. ("Carey") is petitioner and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Director"), is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On February 15, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any, thereto by March 7, 2008. Carey timely filed written objections to which Director has not made any further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of those portions of the proposed findings or

recommendations to which specific objection is made. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980). The court need not consider any nonspecific objections or any frivolous or conclusory objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

Carey filed his federal petition for writ of habeas corpus in this court on October 23, 2007, pursuant to 28 U.S.C. § 2254. Carey claimed violation of his due process rights due to (1) the Texas Board of Pardons and Paroles's ("Board") denial of his release to mandatory supervision, and (2) the Board's improper application of current laws regarding release to parole and/or mandatory supervision.

The magistrate judge, citing both federal and Texas law, recommended that Carey's petition be denied, because (1) Carey is ineligible for release to mandatory supervision under current state law and state law in effect at the time the offense was committed, and (2) Texas inmates have no constitutionally protected right to parole because the relevant Texas statutes do not create a protectable liberty interest which implicates constitutional considerations.

Carey's only specific objection was that the magistrate erred in his findings as to Carey's release to mandatory supervision.

The court concurs with the magistrate judge's finding that Carey is not entitled to habeas relief, because Carey is ineligible for release to mandatory supervision under current Texas law and Texas law in effect at the time Carey committed the offense. *See* Tex. Gov't Code Ann § 508.149 (Vernon 2004), *formerly* Tex. Code Crim. Proc. Ann. art. 42.18, § 8(c)(11).

Therefore,

The court accepts the findings, conclusions and recommendation of the magistrate judge and ORDERS that the petition in this action be, and is hereby, dismissed.

SIGNED March 17, 2008.

JOHN McBRYDE
United States District Judge